**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

V.

    CASE NO.: 15-30512
    HON. ARTHUR J. TARNOW

AKRAM ALFADHILI,

    Defendant.
_____/

## MOTION FOR REVIEW AND REVOKE THE ORDER OF DETENTION FOR DEFENDANT AKRAM ALFADHILI

NOW COMES Defendant, AKRAM ALDADHILI, herein ("Defendant ALFADHILI"), by and through his counsel, BERTRAM L. JOHNSON, and moves this Honorable Court to Review and Revoke the Order of Detention in the instant matter.

In support of said Motion, Defendant ALFADHILI further states as follows:

1. That Defendant ALFADHILI is changed with Felon in Possession of a Fireman in violation of Title 18 U.S.C., Section 922(g)(1).

2. That an arrest warrant was executed for Defendant ALFADHILI on October 27, 2015. On October 28, 2015, Defendant ALFADHILI appeared for a Preliminary Examination scheduled in the Third Circuit Court Criminal Division, while on bond.

3. That unbeknownst to Defendant ALFADHILI, he was arrested in court pursuant to the federal warrant on the pending charge as stated herein, and the state charges were dismissed.

4. That on October 29, 2015 a detention hearing was held before Magistrate Judge Anthony P. Patti. The Court found by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community.

5. That in reaching a recommendation the Pretrial Services Report considered Defendant ALFADHILI's lengthy criminal history from the tender age of 14 years old to present.

6. Pretrial Services in its Assessment of Nonappearance found that Defendant ALFADHILI posed a risk of nonappearance; however, conditions can be imposed to minimize the risks set forth in the Report.

7. That in reaching a determination the Court considered the fact Defendant ALFADHILI had 21 contacts with the criminal justice system, including seven involving violence or firearms, eight drug offenses, four convictions for violence or firearms and three convictions for drug offenses; that Defendant had 10 separate misconduct violations while incarcerated in Michigan prisons between 2010 and 2011, as well as other crimes of an assaultive nature and assaults with a dangerous weapon and the pending criminal charges.

8. That in reaching a determination the Court failed to give weight to and/or consider several factors as it relates to Defendant ALFADHILI.

9. That in spite of the recommendation of Pretrial Services, the Defendant ALFADHILI has always maintained his residence and substantial ties to the community as evidenced in the Pretrial Services Report. The Defendant has strong family ties, that include his close relationship with his wife and children. His wife is currently pregnant with whom he resides.

10. That Defendant has retained counsel who has represented him in the past without any capias history. And, the Defendant ALFADHILI immediately returned to Michigan after any incarceration in the past. He has been a lifetime resident of the State of Michigan.

11. That although Defendant ALFADHILI's criminal history is serious and lengthy, it overstates the danger he imposes on the community.

12. That the nature of Defendant ALFADHILI's criminal background and other factors rebut the presumption being a danger to the community.

13. That Defendant ALFADHILI would be willing to participate in an electronic monitoring and drug treatment program. There are conditions which can be set which can allow Defendant ALFADHILI to be released and yet ensure his appearance and still protect the community.

WHEREFORE, Defendant ALFADHILI respectfully requests this Court review this matter and enter an Order setting conditions of his Release in this instance.

Respectfully submitted,

/s/ Bertram L. Johnson
Bertram L. Johnson (P46646)
Attorney for Defendant
547 East Jefferson Avenue, Suite 200
Detroit, Michigan 48226
(313) 598-4193 Office
(313) 975-7544 Fax
Warrioratlaw313@aol.com

November 10, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      CASE NO.: 15-30512
                                          HON. ARTHUR J. TARNOW

V.

AKRAM ALFADHILI,

       Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION FOR REVIEW AND REVOKE THE ORDER OF DETENTION FOR DEFENDANT AKRAM ALFADHILI**

NOW COMES Defendant, AKRAM ALFADHILI, herein ("Defendant ALFADHILI"), by and through his counsel, BERTRAM L. JOHNSON, and files the instant Brief in Support of his Motion to Review and Revoke the Order of Detention and Request to Set Conditions for Release. Defendant ALFADHILI was Ordered detained on October 29, 2015, by Magistrate Judge Anthony P. Patti. An Order of Detention was entered on October 30, 2015.

**LEGAL ANALYSIS**

The detention order review is articulated in Title 18 U.S.C. § 3415(b) which provides the following:

(b) Review of a detention order –

If a person is ordered detained by a magistrate,….
…The person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

In addition, 18 U.S.C. § 3142(e) provides, in relevant part, "[i]f, after a hearing… the judicial officer finds that no condition or combination of conditions <u>will reasonably assure</u> the appearance of the person as required and the safety of another person and the community, [h]e shall order the detention of the person prior to trial. (Emphasis added).

## THE ORDER OF DETENTION SHOULD BE REVOKED AND CONDITIONS OF RELEASE SHOULD BE SET

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 107 S. Ct. 2095, 95 L.Ed.2d 697 (1987). In *United States v. Orta,* 760 F.2d 887 (8th Cir. en banc 1985), the Court made a detailed examination of the legislative history of the Bail Reform Act of 1984. The *Orta* court proffered that "the passage of the pretrial detention provision of the 1984 Act did not, however, signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial." *Id.* at 891.

The issue is whether the order of detention should be revoked and a conditional release be arranged instead. The standard for an order of detention of a defendant prior to trial is articulated in 3142(e) which states that the judicial officer is to order the person detained, if, after a hearing pursuant to subsection 3142(f), he finds that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

The judicial officer shall use the factors set forth in § 3142(g)(1) in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any person and the community. The following factors are to be taken into account: (1) the nature and circumstance of the offense charged (2) the weight of the

evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C.A. § 3142(g).

The facts on which the finding of dangerousness is based must, under subsection (f), be supported by clear and convincing evidence. *United States v. Ridinger,* 623 F. Supp. 1386, 1393 (1985) (quoting 1984 U.S. Code Cong. & Ad. News, p. 3200-02). "Although the judicial officer may impose further restrictions upon a finding that the legal standard for either the flight or the danger concern is not met, a determination that a defendant's release 'will endanger' the community will be rare" *United States v. Orta,* 760 F.2d at 891 n. 14).

In this instance, Pretrial Services, reviewed the lengthy criminal history of Defendant ALFADHILI, risk of flight, and danger to society. However, the pretrial investigator did not have the time to thoroughly consider many of the factors surrounding most of the contacts made a part of the criminal history. The government took painstaking effort in it's proffer to state reasons for the detention, contending that Defendant ALFADHILI was not only a danger to society but a flight risk as well, and ultimately after the detention hearing, Defendant ALFADHILI was ordered detained.

The government contends he has 21 contacts with criminal justice system. Five (5) of his initial contacts were at the tender ages of 14 through 16 as a juvenile. On 3/17/2001, Felony Larceny in a building and Misdemeanor Malicious destruction of property was dismissed at the age of 14. On 7/5/2001, Felony Receiving and Concealing Stolen Property under $20, Breaking and Entering a Building, he was placed under juvenile supervision at the age of 14. On 7/21/2001, Felony Robbery Unarmed, placed under juvenile supervision at the age of 14. On 4/27/2003, Disorderly person, Loitering, Defendant ALFADHILI plead guilty, fines, 30 days in

jail, at the age of 16. He also used an alias at the age of 16 in 2004 in relation to a Felony Possession. At the age of 16, he was charged with Attempt to Distribute Marijuana. He was sentenced to HYTA and received probation. On September 3, 2004 he violated probation and Defendant's ALFADHILI's HYTA status was revoked. A violation of probation warrant was issued and Defendant failed to appear. The Defendant ALFADHILI was issued his first capias in September 2005. On 2/8/06 at the age of 18 the Defendant ALFADHILI was sentenced to one month to 2 years in the MDOC. Defendant ALFADHILI was also charged with violation of Dangerous Drugs in 2006. There is no disposition on this violation in 2006 or a similar one in 2008.

   These aforesaid contacts occurred almost 10 to 15 years ago. At least 10 of the contacts occurred when he was a juvenile. There is no indication of the amount of drugs, and in some cases the type of dangerous drugs involved in the cited cases. The government can only speculate to the amounts and character of the drugs as evidence of the nature and circumstances of Defendant ALFADHILI's charged offenses. In all the cases over 10 years ago it is just as reasonable to conclude the amounts were reasonably small. Pretrial release has been granted to other Defendants for amounts much greater than exist in this case. In addition, his capias history relates back to 10 or more years before he matured and began to take responsibility for his actions at an adult age.

   The government offered no evidence of the amount of drugs in weight; whether there were field tests conducted; or, were there more thorough laboratory analysis performed to determine whether the dangerous drugs in fact tested positive as a controlled substance. The government maintains that these contacts alone support a conclusion that Defendant ALFADHILI is a danger to the community and others. Some of the contacts are consistent with personal use of drug and

substance abuse.  It's clear from Pretrial Services that Defendant ALFADHILI has a lingering drug abuse problem and has sold drugs to maintain his own personal habit.

Defendant ALFADHILI's pending drug offenses on 10/20/2015 involved controlled substances less than 25 grams.  Again, there was no evidence proffered by the government that these drugs were field tested or laboratory tested to determine the nature and character of the drugs; the weight and whether the drugs tested positive.  The drug charges arising out of that incident were dismissed in the Wayne County Circuit Court on 10/28/2015.

Based upon the contentions of the government the Defendant ALFADHILI was found in possession of pills, two foil packs of heroin, which are also consistent with a person selling drugs to maintain his own drug habit.  There is no way to determine how much heroin he possessed at time of the detention hearing.  None of the drug offenses accept for the most recent case involved a firearm.  Defendant ALFADHILI has no criminal history of assaultive conduct arising out of any drug transaction or drug trafficking activity.  There is no evidence he has ever been involved in any large scale drug trafficking involving firearms, assaultive conduct and/or homicide.

Defendant ALFADHILI was charged with Home Invasion First-Degree and Unarmed Robbery in 2014.  I personally represented Defendant ALFADHILI during that case.  Again, this is a case the government and Pretrial Services have no knowledge of the facts.  The home invasion arose out of Defendant ALFADHILI's going back into the complainant's house where he was initially admitted by consent to retrieve his money left on a table.  A preliminary examination was held in that matter where the complainant lied under oath and recanted his claims. He indicated on the record he did not want to prosecute the Defendant.  This matter also arose out of a drug transaction.  The complainant in this case died before trial from an overdose

from drugs, the case was dismissed. Again, one can gleen Defendant ALFADHILI's frequent contacts with the law involve the use of drugs and association with others that use drugs.

Defendant ALFADHILI has a number of other misdemeanor contacts that were either dismissed or no disposition entered between the years of 2005 and 2008 that does not indicate he imposed a danger on the community. Clearly, the Defendant ALFADHILI has been found guilty of crimes of an assaultive nature and involving firearms as indicated during the government's proffer and in the Pretrial Services Report. In 2009, Defendant ALFADHILI was convicted of these crimes and served a substantial amount of time for his wrongful conduct. The parole violation as indicated in the Pretrial Services Report involved the Home Invasion First-Degree that was dismissed. As indicated therein, his parole status was reinstated. The technical violations referred to in the Pretrial Services Report; of damage to property, threatening/intimidating behavior, all arose out of the Home Invasion and Unarmed Robbery charges that were dismissed. Defendant ALFADHILI's misconduct in the MDOC also involve tickets for substance abuse, among other crimes of mischief that we have no particular facts to objectively consider for purposes of pretrial release.

Based on the totality of the circumstances, that Court may set a combination of conditions to reasonably assure Defendant ALFADHILI's appearance in court and ensure the safety of the community. It is clear the Defendant is in need of an immediate drug treatment program and strict electronic monitoring and any further restrictions this Court deems fit and proper. The Defendant was on bond at the time the federal warrant was issued and he showed up in court to take responsibility for his conduct and has never left the jurisdiction or the country to avoid prosecution. In his later years he has matured and there is no recent capias history in the last 10 years. His recidivism is directly related to the character of his substance abuse. Defendant

ALFADHILI's assets and income further demonstrate he is not involved in any high level drug trafficking of heroin or other drugs. His employment verification was confirmed. The Defendant loves his family and pretrial release with drug treatment would allow him to eventually return to the home and assist his pregnant wife in caring for their family.

WHEREFORE, Defendant ALFADHILI respectfully requests that this Honorable Court issue an Order Revoking the Order of Detention and Set Conditions of Release.

Respectfully Submitted,

/s/ Bertram L. Johnson
Bertram L. Johnson (P46646)
Attorney for Defendant
547 East Jefferson Avenue, Suite 200
Detroit, Michigan 48226
(313) 598-4193 Office
(313) 974-9544 Fax
Warrioratlaw313@aol.com

November 10, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  CASE NO.: 15-30512
V.                                    HON. ARTHUR J. TARNOW

AKRAM ALFADHILI,

    Defendant.
_____/

**CERTIFICATE OF CERTIFICATION**

    I hereby certify that the forgoing documents were electronically filed this date, served electronically or by mail to the following:

**AUSA ERIN JEWEL HENDRIX**
U.S Attorney's Office
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
erin.hendrix@usdoj.gov

                              Respectfully submitted,

                              /s/ Bertram L. Johnson_____
                              Bertram L. Johnson (P46646)

November 10, 2015