# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,              CRIMINAL NO. 15-20720

       Plaintiff,                                      HON. NANCY G. EDMUNDS

v.

D-1 AKRAM ALFADHILI,

       Defendant.
_____/

## GOVERNMENT'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

## I. INTRODUCTION

On October 20, 2015, Detroit Police officers arrested Defendant Akram Alfadhili (Defendant) for dealing drugs at a liquor store on Detroit's northwest side. While in transit to the detention center, officers discovered that Defendant was, in fact, armed with a .25 caliber handgun. Further investigation revealed that Defendant has an extensive criminal history, including arrests and convictions for assault with intent to do great bodily harm less than murder, unarmed robbery, drug trafficking offenses, assaulting/resisting/obstructing a police officer, first-degree home invasion and discharging a firearm at or near a building. Defendant also has a history of noncompliance with court orders and repeatedly using aliases when arrested.

On October 28, 2015, the Honorable Anthony P. Patti held a detention hearing and ordered Defendant detained after finding by "clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community." (Dkt. No. 7 at 38:31.) Magistrate Judge Patti, applying the 18 U.S.C. § 3142(g) factors, also noted that Defendant's frequent and recent use of aliases, extensive criminal history, recent status as a parolee, and the serious nature and circumstances of the instant offense all weighed in favor of detention. (Dkt. No. 7 at 38:10 –41:40.)

Defendant now moves to revoke the detention order, arguing that he is not a flight risk and highlighting his "substantial ties to the community." (Dkt. No. 10 at 2.) But Defendant fails to address the very serious danger he poses to the

2

community. As outlined more fully below, the factors under 18 U.S.C. § 3142(g) strongly weigh in favor of detention and there are no conditions or combination of conditions that can reasonably assure Defendant's appearance or safety of the community. Moreover, Pretrial Services recommends detention. Defendant's Motion for Revocation of Detention Order should be denied.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As night fell on October 20, 2015, Detroit Police Officers Leroy Huelsenbeck and Lynn Moore received information regarding illegal drug trafficking activity at the Three Brothers Liquor Store on Detroit's northwest side. The officers responded to the location in a fully-marked scout car. There, they found a male matching Defendant's description standing outside the liquor store. As the officers entered the parking lot, Defendant looked in their direction then walked into the liquor store. Officers parked the scout car and entered the location.

Once inside, Officer Moore observed Defendant discard two foil packs of suspected narcotics on to the floor. Officer Moore approached Defendant and frisked him; he recovered the following from Defendant: three orange pill vials without labels containing suspected Xanax and $2,249.00 dollars in U.S. Currency.

Officers arrested and handcuffed Defendant. They placed him in the scout car and transported him to the detention center. En route to the detention center, Defendant began to squirm and grab at his underwear in the backseat. Officer Moore turned around in time to see a .25 caliber handgun fall from Defendant's right pants leg and hit the floor board. Officer Huelsenbeck stopped the car and

Officer Moore recovered the gun.  Officer Moore also observed Defendant's pants and underwear pulled half-way down, exposing his behind.  Officer Moore observed (and later retrieved) knotted plastic baggies of suspected narcotics (i.e., cocaine and heroin) from Defendant's buttocks.

On October 27, 2015, Defendant made his initial appearance on a criminal complaint.  (Dkt. No. 1.)  Two days later, Magistrate Judge Anthony P. Patti held a detention hearing and ordered Defendant detained.[1]  Nearly two weeks later, a grand jury indicted Defendant on a one-count indictment, charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Dkt. No. 11.)

### III.   LEGAL STANDARD

Under 18 U.S.C. § 3145, a district court may review a magistrate judge's detention order on motion by Defendant.  18 U.S.C. § 3145(a)(2).  Such an order is reviewed *de novo*.  *See United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000) (affirming district court that had reviewed the magistrate judge's detention order *de novo*).

Generally, a defendant should be detained without bond pending trial if a "judicial officer finds that no condition or combination of conditions will

---

[1] During the detention hearing, Magistrate Judge Patti indicated that he believed this case involved a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(2). Dkt. No. 7 at 36:42 – 37:50; *see also id.* at 41:49.  The government, however, does not believe that this case is, in fact, a "presumption" case and the government did not argue that the presumption applied during the detention hearing.  More important, Magistrate Judge Patti's mistaken belief did not alter or affect his ultimate decision because, when rendering his decision, he made clear that "even if I were wrong about [the rebuttable presumption]. . .there [is] clear and convincing evidence in favor of detention based on danger to the community." Dkt. No. 7 at 38:25 and 41:29 – 39.

4

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "A judicial officer's finding of dangerousness must be 'supported by clear and convincing evidence.'" *United States v. Stone,* 608 F.3d 939, 945 (6th Cir.2010) (quoting 18 U.S.C. § 3142(f)(2)(b)). In reaching this determination, the district court must take into account available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release (i.e., "the section 3142(g) factors"). 18 U.S.C. § 3142(g).

## IV. ARGUMENT

Defendant's offense conduct in this case and his past behavior demonstrate that no condition or combination of conditions can be imposed to protect the community from Defendant or to minimize his risk of flight. This conclusion is supported by the § 3142(g) factors.

### A. Pretrial Services recommends detention.

First, after interviewing Defendant and investigating his background, Pretrial Services recommended that Defendant be detained because there was "no condition or combination of conditions that [would] reasonably assure the safety of the community." *See* Pretrial Services Report at 8. Pretrial Services concluded that Defendant was a flight risk and danger to the community. *Id.* The government

concurs in Pretrial Services recommendation for detention based on both Defendant's flight risk and dangerousness.

**B.     The Section 3142(g) Factors strongly favor detention.**

Second, the statutory factors set forth in 18 U.S.C. § 3142(g) all support detention.

### 1.     Nature and Circumstances of the Offense – 18 U.S.C. § 3142(g)(1)

The nature and circumstances of Defendant's offense are serious. Defendant has at least seven prior convictions. He cannot possess a gun. Defendant's instant offense involves a dangerous firearm, which weighs in favor of detention. *See* 18 U.S.C. 3142(g)(1). Here, Defendant was dealing drugs from a Detroit-based liquor store while possessing a gun. When he was arrested, Defendant never disclosed to police officers that he was concealing a firearm or additional drugs. Instead, he attempted to evade further detection by physically maneuvering in the scout car's backseat. He tried, albeit unsuccessfully, to remove the gun and drugs in his possession. The nature and circumstances of the instant offense weigh in factor of detention.

### 2.     Weight of the Evidence against Defendant – 18 U.S.C. § 3142(g)(2)

In the Sixth Circuit, the weight of the evidence "goes to the weight of the evidence of dangerousness and risk of flight, not the weight of the evidence of the defendant's guilt." *See United States v. Watson*, 2010 WL 3272934, at *8 (E.D. Mich. 2010) (citing *Stone*, 608 F.3d at 948); *see also United States v. Hazime*, 762

F.2d 34, 37 (6th Cir. 1985) (noting that the weight of the evidence against the person "deals with factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community."). Here, the weight of the evidence of Defendant's risk of flight and dangerousness is strong.

Defendant poses a flight risk based on his failure to comply with court orders and terms of supervision, repeated use of aliases, and total disregard for the rules imposed during his custodial sentence.

First, although remote, Defendant has a history of nonappearance. *See* Pretrial Services Report at 3-5. Additionally, Defendant was paroled on November 21, 2012. While on parole, Defendant received a technical violation, which included damage to property, threatening/intimidating behavior. *See id.* at 8. On June 24, 2014, Defendant's parole was reinstated and closed on November 21, 2014. *Id.*

Moreover, Defendant's aliases include Akeem Alfahili, Akeem Alfahil and Alfahil Akeem. *See id.* at 3-4, 5 and 7. In fact, Defendant used an alias as recent as February 2014 when he was arrested for first-degree home invasion. *Id.* at 7.

Finally, while incarcerated for the assault-with-intent-to-do-great-bodily-harm-less-than-murder conviction, he received ten misconduct violations between 2010 and 2011, including but not limited to out of place, disobeying a direct order, sexual misconduct, interference with rules, threatening behavior, fighting and substance abuse. *Id.* at 7. Certainly, this Court should not entrust Defendant to

abide by the conditions of pretrial release if he cannot successfully abide by the most stringent conditions of custodial supervision.

With regard to the danger Defendant poses to the community, the weight of the evidence against him strongly favors detention. As set forth more fully below, Defendant has multiple violent felony arrests and convictions.

### 3. Defendant's History and Characteristics and the Danger to the Community– 18 U.S.C. § 3142(g)(3) and (4)

Finally, the Defendant's history and characteristics reveal that he is an ongoing flight risk and danger to the community. Under the statute, relevant factors include the defendant's "character, . . . employment . . . past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Section 3142(g)(3)(B) also provides that the court shall consider whether, as is the case with the defendant, "at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Defendant is 28 years old. His criminal history is significant, violent and spans over a decade. Indeed, since the age of 14, he has had 21 contacts with the criminal justice system, which include, but are not limited to, the following:

- Assault with intent to do great bodily harm less than murder;

8

- Unarmed robbery;

- Multiple drug trafficking offenses;

- Assaulting/resisting/obstructing a police officer;

- Two first-degree home invasions; and

- Discharging a firearm at or near a building.

*See* Pretrial Services Report at 3-7.

Defendant's history of violent behavior is overwhelming. *See also* Pretrial Services Report at 7-8 (further noting that Defendant's probation violation involved threatening behavior and that Defendant received misconduct violations while incarcerated for threatening behavior and for fighting). Defendant's attempt to minimize his convictions—saying, for example, that "there is no evidence that he has ever been involved in any large scale drug trafficking involving firearms, assaultive conduct and/or homicide—is disconcerting; because far from addressing concerns about his dangerousness, it disregards the very serious circumstances of Defendant's prior convictions. *See* Dkt. No. 10 at 8. For example, Defendant was convicted of assault-with-intent-to-do-great-bodily-harm-less-than-murder after he participated in *two* drive-by shootings. Indeed, the government agrees with Defendant that his criminal history is "serious and lengthy" but to suggestion that he can participate in electronic monitoring or a drug treatment program to mitigate the danger he poses to the community is simply wrong. Furthermore, Pretrial

9

Services was aware of these conditions when it recommended detention for Defendant, but it rejected them.

Taken together, Defendant's character, past conduct and criminal history indicate that no condition or combination of conditions will minimize the risk of flight or protect the public.  Indeed, where, as here, a defendant's past conduct clearly demonstrates that he cannot refrain from criminal and dangerous activity and cannot abide by court orders, no set or conditions will protect the community or minimize the risk of flight.

Defendant history and characteristics do not favor pre-trial release.

## V.   CONCLUSION

For the reasons set forth above, Defendant's Motion for Revocation of the Order of Detention should be denied and this Court should detain Defendant pending trial.

BARBARA L. McQUADE
United States Attorney

*/s/ Erin J. Hendrix*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:  (313) 226-9626
E-Mail: erin.hendrix@usdoj.gov
Bar No. P73640

Dated:  November 25, 2015

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 25, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Bertram L. Johnson, Esq.
>547 E. Jefferson Avenue, Suite 200
>Detroit, Michigan 48226
>Warrioratlaw313@aol.com

>*/s/ Erin J. Hendrix*
>Assistant United States Attorney
>211 W. Fort Street, Suite 2001
>Detroit, Michigan 48226
>Phone: (313) 226-9626
>E-Mail: erin.hendrix@usdoj.gov
>Bar No. P73640