UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AKRAM ALFADHILI,

       Petitioner/Defendant,                     No. 15-cr-20720

v.                                                       Honorable Nancy G. Edmunds

UNITED STATES OF AMERICA,

       Respondent/Plaintiff.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE [60]**

This matter comes before the Court on Petitioner/Defendant Akram Alfadhili's (Defendant) pro se motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. (ECF No. 60.) The government filed a response and Defendant filed a response and objections to the government's response. (ECF Nos. 65, 70.)

After reviewing the briefs and materials submitted by the parties and the entire record in this case, the Court finds an evidentiary hearing is not needed because "the record conclusively shows that the petitioner is entitled to no relief." *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation marks and citation omitted). For the reasons set forth below, the Court denies Defendant's § 2255 motion.

**I.    Background**

Defendant pleaded guilty on October 6, 2016, to Count 1 of the indictment, felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (Plea Agr., ECF No. 34.) The factual basis for the guilty plea is as follows:

> On or about October 20, 2015 at approximately 6 p.m., two Detroit police officers were transporting Defendant Akram Alfadhili to a detention center in

1

> the City of Detroit after he was placed under arrest for suspected narcotics activity. En route to the detention center Defendant removed a Phoenix Arms, model Raven 25, .25 caliber handgun from his pants, causing it to hit the floorboard of the scout car.
>
> This handgun was not manufactured in the State of Michigan, and before October 20, 2015, traveled in interstate or foreign commerce. Also, before October 20, 2015, Defendant had been convicted of at least one felony (i.e., punishable by imprisonment for more than one year).

(ECF No. 34, PageID.98.) Defendant was sentenced to 100 months in custody and 2 years of supervised release. (ECF No. 50.) Judgment entered on February 22, 2018. (*Id.*) Defendant filed an appeal alleging that the Court accepted his plea and sentenced him without ordering a competency hearing. (ECF no. 51, 58.) The Sixth Circuit affirmed this Court's acceptance of Defendant's plea and the subsequent sentence. *See United States v. Alfadhili*, Case No. 18-1266, 762 F. App'x 264 (6th Cir. Jan. 30, 2019); (ECF No. 58). Defendant timely filed this § 2255 motion thereafter.

## II.     Standard of Review

Under 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quotation marks and citation omitted); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

### III. Analysis

Defendant identifies six grounds for relief. (ECF No. 60.) First, he alleges a claim that his constitutional rights were violated because the indictment was defective in light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Second, Defendant claims his plea was unconstitutionally involuntary because "he did not knowingly stipulate" to the *Rehaif* element. Third, he claims ineffective assistance of counsel related to *Rehaif*. Fourth, he claims ineffective assistance of counsel alleging that his counsel failed to investigate his competency prior to his entering a plea. Fifth, Defendant "claims that his sentence is unlawful, for use of a firearm with any other felony offense." (ECF 60, PageID.250.) Finally, Defendant raises a final ineffective assistance claim that "trial and appellate counsels were both ineffective for failing to raise sentencing issues on appeal." (ECF No. 60, PageID.249.)

#### A. Whether Defendant has a Claim Under *Rehaif*, decided in June 2019

Federal statute 18 U.S.C. § 922(g) "provides that '[i]t shall be unlawful' for certain individuals to possess firearms." *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). One of the categories of individuals subject to such prohibition includes "any person— who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). In *Rehaif*, the Supreme Court held that, "in prosecutions under § 922(g) ... the Government must prove that a defendant knows of his status as a person barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2195.

At the time that the government responded to Defendant's motion, the government noted "that courts in the Sixth Circuit have held that *Rehaif* does not apply retroactively on collateral review, but is unsure if those cases were correctly decided and, therefore, is

3

instead arguing that Defendant procedurally defaulted his claims under *Rehaif*. (ECF No. 65, PageID.266.) The Sixth Circuit provided more recent guidance in *Kelley v. United States*, 2021 WL 2373896 (6th Cir. Feb. 5, 2021). "In *Bailey*, *Burrage*, and *Rehaif*, the Supreme Court interpreted a criminal statute to require proof of an additional element to convict a defendant. Thus, just as *Bailey* and *Burrage* announced new substantive rules that apply retroactively to cases on collateral review, so did *Rehaif*." *Kelley*, 2021 WL 2373896, at *2 (citing *Schriro v. Summerlin*, 542 U.S. 348, 354 (2004) ("A decision that modifies the elements of an offense is normally substantive rather than procedural. New elements alter the range of conduct the statute punishes, rendering some formerly unlawful conduct lawful or vice versa.")). "Shortly after the Supreme Court decided *Rehaif*, we clarified that the government is not required to show that a defendant knew that convicted felons are prohibited from possessing firearms under § 922(g)(1). Rather, the government need only prove that a defendant knew that he was a convicted felon." *Id.* at *2 (citation omitted). Kelley does not argue that he was unaware that he stood convicted of numerous felonies. The *Kelley* court noted that the "district court erred when it concluded that *Rehaif* was not retroactively applicable to cases on collateral review," yet affirmed the denial of the Defendant's § 2255 motion "based on the district court's alternative ruling that [the defendant] is not entitled to relief under *Rehaif* because he acknowledged that he had prior felony convictions for which he had served terms of imprisonment exceeding one year." *Id.* at *2 (citing *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018).

The Sixth Circuit considered the same issues in *Brown v. United States*, where the court found that Brown's substantive arguments lacked merit. *Brown v. United States*,

4

2021 WL 2470311 (6th Cir. May 21, 2021).  First, Brown argued that "the indictment was fatally defective in light of *Rehaif* because it did not include as an essential element the knowledge of his prohibited status."  *Id*. at *2.  The court held that the "omission of the knowledge-of-status element required by *Rehaif* does not deprive the district court of jurisdiction," that the indictment put the defendant on notice that "he could have raised an objection to the omission of the element," and that the "plea agreement admission that he had been convicted of felony offenses punishable by more than one year in prison strongly suggests his knowledge of his status."  *Id.*  Brown then argued that "his plea was not knowing because the district court did not advise him of the knowledge-of-status element" therefore requiring automatic vacatur of his plea.  *Id.* at *3.  The court held that "Brown's plea agreement admission regarding his prior felony convictions and the fact that he had served more than one year in prison for two of those convictions" made is implausible that he did "not know that he was a person who had 'been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year,' 18 U.S.C. § 922(g)(1), and that he would have risked going to trial on the belief that the government would be unable to prove the knowledge-of-status element."  *Id.*; *see also Johnson v. United States*, 2021 WL 4710328 (N.D. Ohio Oct. 8, 2021) (applying *Brown* to similar facts and concluding that "[l]ike Mr. Brown, Defendant's § 2255 argument fails on the merits. . . . Most importantly, Defendant's admission in his Plea Agreement that he "was convicted of felony offenses for which the maximum term of incarceration exceeded one year," strongly suggests his knowledge of his status.")

At the plea hearing Defendant was asked what he did that made him believe he was guilty of the charge.  (ECF No. 57, PageID.212.)  He testified "I was in possession of

5

a felony firearm and I know wasn't suppose (sic) to be. I know I had no license, and I know I been convicted of a felony before." (*Id.*) The exchange continued as follows:

> The Court: Before this incident occurred, did you have a felony conviction on your record?
>
> The Defendant: Yes, your Honor.
>
> The Court: What was that?
>
> The Defendant: That was assault to do great bodily harm.
>
> . . .
>
> The Court: And that was a crime punishable by more than a year in prison; correct?
>
> The Defendant: Yes, your Honor.
>
> The Court: And following that conviction you came to be in possession of another gun?
>
> The Defendant: Yes, your Honor.

(ECF No. 57, PageID.212-13.) The government points out that Defendant has accrued at least eight felony convictions prior to the current conviction. (ECF No. 65, PageID.270; *see* PSR.) The indictment was not defective and Defendant's plea was not unconstitutionally involuntary. *Rehaif* does not warrant vacating Defendant's conviction under § 922(g). The court need not reach the government's argument that Defendant procedurally defaulted his *Rehaif* claims by failing to raise it on appeal.

### B. Ineffective Assistance Claims

Defendant makes several claims of ineffective assistance of counsel. The *Strickland* analysis applies to claims of ineffective assistance of counsel. *Strickland* requires a petitioner to show: (1) counsel's performance was deficient by falling "below an objective standard of reasonableness" and (2) counsel's deficient performance

prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984). To demonstrate prejudice, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

There is a strong presumption in favor of counsel's effectiveness. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (holding that counsel's performance be examined "from counsel's perspective at the time of the alleged error and in light of all the circumstances," a highly deferential standard) (internal citation omitted). The Supreme Court has advised that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges"; it could threaten the adversarial process that the Sixth Amendment right to counsel was designed to serve. *See Strickland*, 466 U.S. at 689-90.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citations omitted). "During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Id.* "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* at 163. The Supreme Court noted that in a prior case, "when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Id.*

7

at 163 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

### 1. *Rehaif* and Immigration Status

In ground three, Defendant makes the first of his ineffective assistance of counsel arguments alleging that his counsel failed to counsel him on the *Rehaif*. (ECF No. 60, PageID.243.) Defendant argues that his attorney failed to inform him of the *Rehaif* element that the government would have to prove prior to his pleading guilty, failed to advise him not to stipulate to the *Rehaif* element during his guilty plea colloquy, "and failed to discuss with him or to inform him of the consequences of his guilty plea, in a challenge to the prosecution without knowledge of the *Rehaif* element." (ECF No. 60, PageID.243.)

Defendant entered a plea in October 2016. *Rehaif* was decided in June 2019, nearly three years after Defendant's plea hearing. Prior to that, while the issue was considered, circuit courts purported to have resolved the issue of whether "knowingly" applied to the status element of 922(g). *See e.g., United States v. Jackson*, 120 F.3d 1226 (11th Cir. 1997); *United States v. Rehaif*, 888 F.3d 1138, 1144 (11th Cir. 2018) (collecting cases) (rev'd and remanded). Counsel's failure to raise an argument not based on prevailing law or failure to predict the forthcoming change in this instance is not unreasonable under *Strickland*. *See Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010) ("appellate counsel is not ineffective for failing to predict the development of the law"); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("nonegregious errors such as failure to perceive or anticipate a change in the law, . . . generally cannot

8

be considered ineffective assistance of counsel"). Court cannot find that counsel's performance fell below an objective standard of reasonableness.

Defendant is also required to show prejudice, in other words, that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Defendant alleges that "[h]ad counsel explained it to him REHAIF, he would not have pleaded guilty and went to trial, at trial he would not have stipulated to any of the elements of the offense and the outcome would have been different." (ECF No. 60, PageID.243.)

The government relies on Defendant's criminal history to argue that he would not have been able to contest that he knew he had a prior felony, including a prior felon in possession charge. (CF No. 49, PageID.152; ECF No. 65, PageID.272.) The Court agrees that given Defendant's criminal history, there is not a reasonable probability that he would not have pleaded guilty and instead would have gone to trial even if he had been counseled about the possibility that the government would have to prove that he knew his status as a felon. Aside from a conclusory statement, Defendant alleges no circumstances that would support the Court in finding that this particular element played a relevant role in his decision to plead guilty. *See Strickland*, 474 U.S. at 60.

Defendant also argues that his counsel failed to discuss with him or to inform him of the consequences of his guilty plea with regard to his immigration status. Defendant Argues that the "court misinformed him that "as a result of the guilty plea his immigration status may be comprised," because the government pointed out in its response that "it was not even this conviction that caused defendant to be ordered removed from the country." (ECF No. 65, PageID.273.) According to the government, the PSR provided

that Defendant's prior criminal history led to the order to remove him from the United States in 2007, noting that "he has no status in the United States" and he "has an outstanding removal order to Iraq, so he is in immigration limbo at this time." (ECF No. 65, PageID.274, citing PSR ¶ 66.) Defendant alleges that he would have gone to trial had he known or been informed of his status. He believed he was innocent of the firearm offense, and he had nothing to lose in an attempt to prove his innocence. (ECF No. 70, PageID.306.)

The Court specifically inquired with Defendant as to whether he understood that his guilty plea could compromise his immigration status:

> The Court: Mr. Alfadhili, do you understand that as a result of this guilty plea, your immigration status may be compromised and you may end up being deported from the United States?
>
> The Defendant: Yes.
>
> The Court: Since you're a legal permanent resident, it's not automatic, but it's certainly a possibility . Have you discussed that with Mr. Johnson?
>
> The Defendant: Yes, your Honor.

(ECF No. 65, PageID.273.) When asked under oath, Defendant testified that his attorney had discussed this with him. Here, Defendant was notified that his immigration status may be compromised and that deportation was "certainly a possibility" and further confirmed that his attorney had discussed that with him. *Compare with Lee v. United States*, 137 S. Ct. 1958, 1967-68 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." "Lee asked his attorney repeatedly whether there was any risk of deportation from the proceedings." "When the judge

warned him that a conviction 'could result in your being deported,' and asked '[d]oes that at all affect your decision about whether you want to plead guilty or not,' Lee answered 'Yes, Your Honor.'). In light of the testimony at the plea hearing, and the lack of other contemporaneous evidence to support Defendant's assertion that he would not have pleaded guilty if his attorney had given him different or additional information about his immigration status, the Court finds that Defendant is not entitled to relief on this issue.

### 2. Competency

In ground four, another ineffective assistance claim, Defendant claims that counsel failed to investigate Defendant's competency prior to his entering a plea and failed to enter objections on the basis of Defendant's competency. (ECF No. 60, PageID.245-46.) The Sixth Circuit has "previously inferred that a finding that a defendant was competent to enter a plea agreement precludes a finding that the defendant's counsel was ineffective for not pursuing the competency issue." *Devine v. Commonwealth*, 1999 WL 551400, at *3, 187 F.3d 635 (6th Cir. 1999) (unpublished) (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)); *see also U.S. v. Davidson*, 2008 WL 170507 (E.D. Ky. Jan. 17, 2008). Defendant appealed this Court's acceptance of his guilty plea and the imposition of a sentence, arguing that he was incompetent to do so at the time. The Sixth Circuit affirmed the district court on both the issue of the plea hearing and the sentencing. The Sixth Circuit found no abuse of discretion nor plain error due to a lack of a competency hearing before either proceeding. *See United States v. Alfadhili*, 762 F. App'x 264 (6th Cir. Jan. 30, 2019)

Further, "the standard . . . for requiring competency hearings prior to trial or the entry of a guilty plea is not merely whether extant evidence raises 'doubt' as to the

11

defendant's capacity to stand trial, but rather whether evidence raises a 'bona fide doubt as to a defendant's competence.'" *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004) (citation omitted). The evidence here does not. The questioning undertaken by the Court and Defendant's responses with respect to his mental status, as well as the status and availability of his medications are set forth in both the court of appeals opinion and in the plea hearing transcript. *See Alfadhili*, 762 F. App'x at 265-66; ECF No. 57, PageID.200-02, 217-19. Defendant's participation in the plea hearing and questioning by the Court did not raise a doubt as to his competency. The exchanges at the plea hearing contradict Defendant's unsupported assertion that "counsel ignored his complaints and advised [him] to just tell the judge and agree to whatever he (sic) said." (ECF No. 60, PageID.246.)

Defendant also argues that counsel did not explain that the plea of guilty would be final, that the attorney "explained to him that he wouldn't receive any time for an unloaded gun," and that the "case would most likely get tossed out, if he agreed to plead guilty." (ECF No. 60, PageID.247.) Again, these unsupported allegations are contrary to Defendant's responses at the plea hearing. After the terms of the plea agreement were read into the record, the Court asked whether Defendant agreed to the terms as stated on the record, to which he responded "yes." (ECF No. 57, PageID.211.) He also testified "No" when asked whether "anyone made any other or different promises or assurances . . . of any kind to try and get you to plead guilty." (*Id.*)

Defendant is not entitled to relief on this claim.

### 3. Sentencing Issues

In grounds five and six, Defendant claims that trial and appellate counsel were both ineffective for failing to raise sentencing issues on appeal and that the sentence was

"unlawful" because he was not engaged in committing a felony offense when the firearm was discovered and that the enhancement was misapplied. Specifically, Defendant appears to argue that counsel did not include the issue of the application of a guidelines enhancement under USSG § 2K2.1(b)(6) in his appeal. (ECF No. 60, PageID.249; ECF No. 48, PageID.138- four-point enhancement). Even if the enhancement was misapplied, such a misapplication is "not cognizable under § 2255." *Bullard v. United States*, 937 F.3d 654, 660 (6th Cir. 2019) (citations omitted). "[E]very circuit to 'look[ ] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations.'" *Id.* (citations omitted). Defendant did not raise this issue on appeal. "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).

Defendant does not show "good cause" for failing to appeal the application of the enhancement. The plea agreement provided that "[i]f Defendant's sentence of imprisonment does not exceed the maximum allowed by Part 3 of this agreement" Defendant "waives any right he may have to appeal his sentence on any grounds." (ECF 34, PageID.104.) The agreed guideline range was, at the high end, 110 to 120 months. (ECF 34, PageID.100) Defendant was sentenced below that range, to 100 months. (ECF No. 50, PageID.156.) Prior to pleading guilty, Defendant was notified of the appeal waiver at the hearing, with the other terms of the plea agreement. (ECF No. 57, PageID.211.) Defendant does not argue that the waiver was invalid. "[A]n appeal waiver is enforceable if the defendant's waiver of his appellate rights was knowing and voluntary." *United States*

13

*v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). Defendant's counsel did not act unreasonably in deciding not to appeal the sentencing, but instead appealing the competency issue. It is worth noting that Defendant does not argue actual innocence, and cannot show prejudice on this issue.

Defendant is not entitled to relief on the sentence-related claims either.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in a § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted). Because Defendant has not shown that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

## V. Conclusion

Based on the foregoing, it is ordered that Defendant's § 2255 motion is DENIED WITH PREJUDICE. It is further ordered that a certificate of appealability is DENIED.

SO ORDERED.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: March 17, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record and Defendant on March 17, 2023, by electronic and/or ordinary mail.

                              s/Lisa Bartlett
                              Case Manager